# EXHIBIT 9

台灣高等法院刑事判決　八十二年度上訴字第四三九二號

上訴人即被告　許鴻炎　男　四十五歲（民國三十七年八月三十日生）業商

住桃園縣中壢市普義里二十五號

身分證：H一〇〇三五三八五三號

指定辯護人　本院公設辯護人　王永炫

右上訴人，因違反槍砲彈藥刀械管制條例等案件，不服台灣桃園地方法院，八十二年度訴字第六六九號，中華民國八十二年五月廿四日第一審判決（起訴案號：台灣桃園地方法院檢察署八十二年度偵字第三〇七八號）提起上訴，本院判決如左：

主　文

原判決撤銷

許鴻炎未經許可，運輸手槍，處有期徒刑伍年，扣案之九〇手槍（奧地利GLOCK十七型口徑九MM制式手槍）壹支（含彈匣貳個）、子彈（九MM制式子彈肆拾顆（送驗鑑定試射貳顆）均沒收。

事　實

一、許鴻炎以運輸之意思於民國（下同）八十二年三月九日廿一時十五分許，將其在美國所持有之九〇手槍（奧地利GLOCK十七型口徑九MM制式手槍）一支（含彈匣二個）、子彈（九MM制式子彈）四十顆，以分解化整為重之方式（詳情見附表台北關扣押貨物收據及搜查筆錄所裁），未經許可，自美國搭乘中華航空公司CI—〇〇五號班機，將前揭管制進口之槍彈，運輸回台灣時，在桃園縣境內中正國際機場海關入境檢查室第廿三號台受驗之際為警及海關人員在其托運編號行李牌號碼五九九一一四一號行李箱內之喇叭箱，音響放大器、充電器內當場查獲，並扣得如主文第三項所示之槍彈。

二、案經內政部警政署航空警察局台灣桃園地方法院檢察署檢察官偵查起訴。

理　由

一、被告於原審審理時，矢口否認有前揭不法犯行，辯稱：上開被查獲藏有槍彈之行李，係受人託帶，不知其內有槍彈云云。然查，被告先則於警訊及公訴人於八十二年三月十日初訊時供稱：伊今年（八十二年）是第一次來台，在台灣沒有親人，編號五九九一一四一行李箱為伊所有，但其內物品除喇叭箱、音響放大器、充電器外，其餘為伊所有，該喇叭箱、音響放大器、充電器等物係伊認識一年餘的朋友CHP—LEE、ME，CHEN二人在伊出發前自美國交予伊帶來台灣的，且說會有人前往台北市福華飯店向伊領取，伊不知道該喇叭箱、音響放大器、充電器、彈等語（參偵查卷第二—七頁）被告為36

；嗣於公訴人及原審審理時則另辯稱：上開行李箱係伊在飛機上座位（被告為36

A鄰座（座位為36C）一年約四十歲左右，身高約一六八—一七0公分之男子託伊攜帶，約至機場大廳再交還云云（參偵查卷八十二年三月廿三日訊問筆錄及原審卷第十八頁），其尚乏佐證，其非可採。況公訴人向內政部警政署航空警察局函查結果，伊攜帶前揭所稱託伊攜帶行李之人，有特定班機旅客入出境明細表，及出入境記錄查詢表在卷可資佐證，況被告本年（八十二年）本文並非第一次入境台灣，在台灣尚有親人即其胞兄許鴻添，亦有卷附之出入境紀錄表及刑事委任狀，具保聲請狀各一紙在卷可稽，凡此種種，益足證明被告上開所辯具為虛言，不能採信。而前開為警查獲扣案之槍彈，經公訴人送請內政部警政署刑事警察局鑑定結果：「該九0手槍係奧地利GLOCK十七型口徑九MM制式半自動手槍，機械性能良好，認具殺傷力，子彈四十顆均係口徑九MM制式子彈，適合同口徑槍枝裝填，認具殺傷力，彈匣二個適合前開槍枝裝填子彈用」，有該局八十二年三月二十二日刑鑑字第八四六0七號鑑驗通知書一紙在卷足憑，復有台北關扣押貨物收據及搜查筆錄、入境旅客申報單、X光檢查儀注檢行李報告表在卷可證，事證明確，犯行洵堪認定。

二、核被告所為，係犯懲治走私條例第二條第一項私運管制進口物品罪，槍砲彈藥刀械管制條例第七條第二項未經許可運輸手槍罪及同條例第十一條第一項未經許可運輸子彈罪，其一行為同時觸犯上開三罪名，為想像競合犯，應從一重之槍砲彈藥刀械管制條例第七條第二項未經許可運輸手槍罪處斷（參最高法院七十三年台覆字第十七號、第廿五號判例）。又被告未經許可無故持有上開手槍及子彈之低度行為，為其運輸之高度行為所吸收，均不另論罪，則公訴意旨認被告犯有上開二條之罪名（即槍砲彈藥刀械管制條例第七條第四項、第十一條第三項），而提起公訴，其起訴法條，應予變更。

三、原審據以論科，固非無見。然查被告前揭所犯，係一行為同時觸犯懲治走私條例第二條第一項、槍砲彈藥刀械管制條例第七條第二項及同條例第十一條第一項之罪，應從一重之槍砲彈藥刀械管制條例第七條第二項處斷，原審見未及此，於法即有合，被告上訴意旨否認犯罪，惟原判決既有可議，仍屬無可維持，自應予以撤銷自行判決。扣案如主文第三項所示之手□□□，無正當之理由不到庭，爰不待其陳述，逕行判決，併此敘明。經合法傳喚，無正當之理由不到庭，爰不待其陳述，逕行判決，併此敘明。

據上論斷，應依刑事訴訟法第三百六十九條第一項前段、第三百六十四條、第三百七十一條、第三百七十一條但書、第二百九十九條第一項前段、第三百條，槍砲彈藥刀械管制條例第七條第二項、第十一條第一項、懲治走私條例第二條第一項、第十一條，刑法第十一條前段、第五十五條、第五十五條、第十一條第一項第一款，判決如主文。

本案經檢察官林朝陽到庭執行職務。

中　華　民　國　八十三　年　一　月　六　日

台灣高等法院刑事第八庭

審判長法官　王　振　興

　　　　法官　趙　功　恆

　　　　法官　童　有　德

右正本證明與原本無異

如不服本判決應於送達後十日內向本院提出上訴書狀，其未敘述上訴之理由者並得於提起上訴後十日內向本院補提理由書（他造當事人之人數附繕本）。

書記官　周　淑　靜

中　華　民　國　八十三　年　一　月　十　日

附錄：本案論罪科刑法條

槍砲彈藥刀械管制條例第七條第二項：

未經許可製造、販賣或運輸普通步槍、馬槍、手槍或各類炸彈者，處五年以上有期徒刑。

三

83704727 (1)                 [Handwritten: 82 (Investigation) 30518]

01524

83704727

Taiwan High Court Criminal-Case Judgment           1993 Appeal No. 4392

    Appellant/Defendant:  Hsu Hung Yen, male, 45 years old (born on August 30, 1948)
                       Occupation:  Business
   [illegible]   Address:  25 Puyi Village, Chungli City, Taoyuan County
             National Identification No.: H100353853

Designated Public Defender assigned by the court:  Wang Yun [illegible]

The aforementioned appellant does not accept the judgment from the preliminary trial handed down by the Taiwan Taoyuan District Court on May 24, 1993 (1993 Judgment No. 669; 1993 Prosecution Case No. 3087 of the Taiwan Taoyuan District Court Prosecutor's Office) for his violations of the Provisions Governing Control for Gunpowder and Sword.  The appellant filed an appeal, and the court hereby reached the following judgment:

Text
The original judgment [illegible] L.S. [Seal: [illegible]]

Hsu Hung Yen transported a handgun without authorization and is sentenced to five years of imprisonment.  L.S. [Seal: [illegible]]

One 90 handgun (Austria Glock Model 17 with 9mm caliber) (including two bullet magazines), bullets (9mm bullets) [illegible] ballistic testing [illegible] were confiscated.  L.S. [Seal: [illegible]]

The Facts
1. With the intent to transport, Hsu Hung Yen, at about 1:15 p.m. on March 9, 1993, carried his 90 handgun which he possessed in the United States (Austria Glock Model 17 with 9mm caliber), including 2 bullet magazines, 40 rounds of bullets (9mm caliber bullets) and, without authorization, transported these items after dissembling (for details, see the attached Detention Ticket and Record of Search by Taipei Customs) via China Airlines Flight CI005 from the U.S. to Taiwan. It was discovered that he transported the controlled handgun and bullets to Taiwan upon his entry at Chung-cheng International Airport in Taoyuan County by the Customs personnel who inspected his luggage at Desk 23 of the Inspection Room (his checked luggage number is 599141).  They discovered speaker boxes, an acoustic amplifier, an electric charger, and a handgun along with bullets, all of which were confiscated and are mentioned in Section 3 of the text.
2. This case was investigated and prosecuted by the Aviation Police Department of the Ministry of the Interior and the prosecutors of the Taiwan Taoyuan District Court Prosecutor's Office.

The Reasons
1. While the defendant was tried at the preliminary trial, he denied having committed any violation, arguing that the foregoing inspected luggage containing a handgun and bullets belonged to someone else, that he was carrying the luggage into Taiwan for this person at their request and had no knowledge that the luggage contained a handgun and bullets. However, upon investigation during initial police questioning and the initial hearing conducted by the prosecutor on March 10, 1993, the defendant claimed he was entering Taiwan (in 1993) for the first time, that he has no relatives in Taiwan, and that the luggage with number 599141 belonged to him, along with the

items in the luggage, except for the speaker boxes, acoustic amplifier, and electric charger. The speaker boxes, acoustic amplifier, and electric charger belonged to two friends, CHP-Lee and Me Chen; he was carrying these items for them and was told by them that there would be someone who would meet him at the Fuhua Restaurant in Taipei City to pick up the items [illegible] (reference pages 2-7 of the investigation document); then, during questioning by the prosecutor, the defendant stated otherwise: the aforementioned luggage belonged to a man sitting in the neighboring seat (Seat 36C) on the plane (the defendant's seat number was 36A); that the man was about 40 years old and about 168 cm-170 cm tall; that this man asked the defendant to carry the luggage for him and also asked the defendant to return the luggage to him in the lobby of the airport [illegible]. [Illegible] transcripts of questioning from March 23, 1993 and page 18 of the first court trial document. [Illegible] is not acceptable; moreover, the result of the questioning by the prosecutor to the Aviation Police Department of the Ministry of the Interior [illegible] that the names CHP-Jee and MK Chen were not on the passenger list for Flight CI005 to Taiwan; furthermore, the names of the people in Seats 36B and 36C were respectively I Sheng Chu (female, U.S. citizenship) and Liu Lee-Miao (female, native of Taiwan), and the person who the defendant claimed to be the one who asked him to carry the luggage does not exist. There are detailed passenger lists for specific flights and the exit and entry records for viewing as proof. Moreover, in 1993, it was not the defendant's first entry into Taiwan, and the defendant has a relative in Taiwan, i.e., his brother Hsu Hung Tian. There is also his entry and exit records, criminal case file, as well as a bond application file. All of these items are sufficient proof that the aforementioned argument of the defendant is fabricated, which is not acceptable. The prosecutor had sent the handgun that was discovered and confiscated by the police to the criminal division of the police department of the Ministry of the Interior for examination, and the findings are: "This 90 handgun is an Austria Glock semi-automatic handgun, Model 17, with a 9mm caliber; it has good mechanical performance with killing power; the 40 rounds of bullets are all bullets for a 9mm caliber and are suitable for loading into handguns with a similar caliber; the two bullet magazines are suitable for loading bullets into this gun". As proof, there is a firearm evaluation document on file issued by the police department, the File No. is Criminal Evaluation No. 84607, dated March 22, 1993. There are also documents as proof: the Detention Ticket and Record of Search by Taipei Customs, an Entry Customs Declaration Form, and an X-ray scan luggage report. The facts are clear and his violations are hereby confirmed.
2. In view of the defendant's violations, he has violated Section 1, Article 2 of the Provisions Governing Punishment for Smuggling – transporting controlled items into the country without authorization; Section 2, Article 7 of the Provisions Governing Control for Gunpowder and Sword – transporting a handgun without authorization; and Section 1, Article 11 of the same regulation – transporting bullets without authorization. By this conduct, he has committed the above-mentioned three violations simultaneously and thereby is a case of "imaginative joiner of offenses", and he should accordingly be punished for one violation of Section 2, Article 7 of the Provisions Governing Control for Gunpowder and Sword: transporting a handgun without authorization (reference the sentencing on the cases "Taiwan [illegible] 1984 No. 17 and No. 25 of the Supreme Court"). In addition, the defendant's act of possessing a handgun and bullets without cause and without authorization is a low-offense act, but is absorbed by his high-offense act of transporting those items and cannot be counted as a separate offense. The prosecutor believes and made the allegation that the defendant also committed the foregoing two offenses (i.e., Section 4, Article 7 and Section 3, Article 11 of the Provisions Governing Control for Gunpowder and Sword). The allegations should be modified.
3. The previous alleged offenses, although not unreasonable, are found to belong to one act that had simultaneously violated Section 1, Article 2 of the Provisions Governing Punishment for Smuggling; Section 2, Article 7 of the Provisions Governing Control for Gunpowder and Sword; and Section 1, Article 11 of the Provisions Governing Control for Gunpowder and Sword; therefore, the defendant should be charged with one count, i.e., violation of Section 2, Article 7 of

the Provisions Governing Control for Gunpowder and Sword.  The previous trial had not touched upon this [illegible]; the defendant appealed the case with the intent to deny committing any crime. [Illegible] since the previous verdict is subject to dispute, it cannot be upheld, and should be withdrawn for a trial on its own. [Illegible] the offense shown in Article 2 of the main text as warning and punishment.  The handgun and bullets mentioned in Article 3 of the main text are controlled items and should be made clear that they must be lawfully confiscated. The defendant is summoned to court in accordance with the law without a legitimate reason to refuse to appear in court, a verdict was reached [illegible] without his statement. In accordance with the above conclusion and based on the first paragraphs of Section 1, Article 369, Article 364, Article 370 [illegible], Article 371; first paragraphs of Article 299, Article 300 of the Criminal Prosecution Law; Section 2, Article 7 and Section 1, Article 11 of the Provisions Governing Control for Gunpowder and Sword; Section 1, Article 2 and Article 11 of the Provisions Governing Punishment for Smuggling; first paragraphs of Article 11 and Article 55 of the Criminal Code [illegible] Section 1, Article 1, the judgment is listed in the main text. This case is prosecuted by Prosecutor Lin Chao-Yang for this court [illegible].

January 6, 1994
The Eighth Court of Taiwan Supreme Court
Chief  Judge:     Wang Chen-Hsing
                  Chao Kung-Heng
                  Tung You-Teh

The above text is [illegible] with the original text.

L.S. [Seal:  Taiwan Supreme Court]

If the defendant does not accept this judgment, he must [illegible] within 10 days of the lawsuit without stating the reason for the appeal.

Clerk:  Chou Shu-Jing
[Illegible] 1994

Appendix:  [illegible] the offenses based on.

Section 2, Article 7 of the Provisions Governing Control for Gunpowder and Sword:
Any person without authorization who manufactures, sells, or transports rifles, horse pistols, or handguns, or various types of bombs, shall be sentenced to imprisonment for over five years.

Chicago, Illinois, April 24, 2014

RE: Hsu Hung Yen - Taiwan High Court Criminal-Case Judgment

## TRANSLATION CERTIFICATION

I hereby certify with my signature that the attached translation from **CHINESE** into **ENGLISH** was completed under my administration by a competent translator fluent in both of these languages and to the best of my knowledge and understanding it is a true and complete translation of the corresponding original document.

Signature: *Shannon Eissink*          Title: President

Subscribed and sworn to before me, a Notary Public, in and for Cook County, Illinois, on the 24th day of April, 2014.

Signature: *Judith C Lay*

OFFICIAL SEAL
JUDITH C LAY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/29/17

0029

000083





# CERTIFICATION OF FOREIGN PUBLIC RECORDS

I, Li-Fan Lo, attest that my position is Director of Criminal Investigation Bureau (CIB), National Police Agency of Taiwan, and that in that position I am authorized by the laws of Taiwan to attest that the documents attached hereto and described below:

(1) Are true copies of official records that are authorized by the laws of Taiwan to be recorded or filed in the CIB, which is an office or agency of the Taiwan authorities, and

(2) Set forth matters that are authorized by the laws of Taiwan to be reported and recorded or filed.

**Description of Document:**

| Date | Author | Name or Description of Document |
|---|---|---|
| January 10, 1994 | Taiwan High Court | Written Criminal Judgment, Taiwan High Court. (Bates no. 000062) |

I further certify that the document represents a final judgment of conviction under the laws of Taiwan, entered after a trial or guilty plea, for a crime punishable by imprisonment for more than a year.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this ___26___ day of __April__, 2014, in Taipei.

_Lo, Li-Fan_
Signature

SEE ATTACHED NOTARY CERTIFICATE

Director
International Criminal Affairs Division
Criminal Investigation Bureau
National Police Agency

## Certificate of Acknowledgement of Execution of an Instrument

Taiwan )
City of Taipei )
American Institute in ) ss:
Taiwan, Taipei Office )

I certify that on this day of **24 APR 2014**, before me, Erzsebet G. Leong, Special Notary (PL96-8) of the Consular Section, American Institute in Taiwan, personally appeared _Lo, Li-Fan_ ____

prove to me to be the person/s described in and who executed the annexed instrument, and acknowledged to me that he/~~she/they~~ executed the same freely and voluntarily.

IN WITNESS WHEREOF I have hereunto set my hand and affixed the official seal the day and year last above written.

(seal)

Erzsebet G. Leong

Special Notary (PL96-8) of the
Consular Section
American Institute in Taiwan
Taipei office