IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>BENSON HSU, a.k.a. Hung yen Hsu, a.k.a. Charles Hsu,<br><br>                Defendant. | ORDER ADOPTING<br>REPORT & RECOMMENDATION<br><br>Case No. 2:14-cv-0077-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

The Report and Recommendation[1] (R & R) issued by United States Magistrate Judge Dustin Pead on July 21, 2016 recommends that the United States' Motion[2] for Summary Judgment as to Count I of the Complaint be GRANTED. Defendant, Benson Hsu, filed an Objection to the R & R on August 3, 2015.[3] The United States filed a Response to Mr. Hsu's Objection on August 17, 2015.[4] De novo review of all materials, including the record that was before the magistrate judge and the reasoning set forth in the R & R, has been completed pursuant to 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b)(3). The analysis and conclusions of the magistrate judge are correct and the R & R is adopted.

## UNDISPUTED FACTS[5]

1.      Hsu was born in Taiwan in 1948.[6]

---

[1] Docket no. 38.

[2] Plaintiff's Motion for Summary Judgment, docket no. 19, filed November 7, 2014.

[3] Defendant's Objection to Magistrate Judge's Report and Recommendation, docket no. 39.

[4] Response in Support of Magistrate Judge's Report and Recommendation ("United States' Response"), docket no. 41.

[5] These are the relevant undisputed facts for Mr. Hsu's arrest and conviction in Taiwan. The parties also provided a list of facts regarding Mr. Hsu's Aggravated Assault with a Deadly Weapon arrest in the United States, but the magistrate judge's R & R is not based on the latter arrest.

[6] Plaintiff's Motion for Summary Judgment at 6 (undisputed).

2. On April 22, 1989, Hsu was admitted to the United States as a lawful permanent resident.[7]

3. On March 9, 1993, Hsu arrived in Taiwan.[8]

4. On March 9, 1993, Taiwanese authorities found a gun and ammunition hidden inside an amplifier and speakers in Hsu's luggage.[9]

5. The Taiwanese authorities detained and arrested Hsu on March 9, 1993, for illegally transporting a handgun and ammunition into Taiwan.[10]

6. On May 24, 1993, the Taoyuan District Court, Taiwan, convicted Hsu of illegally transporting controlled goods without authorization.[11]

7. On June 23, 1993, Hsu returned to the United States.[12]

8. In a decision rendered January 10, 1994, the Taiwan High Court, sitting on appeal from the Taoyuan District Court decision, upheld Hsu's conviction of transporting a handgun without authorization, and sentenced Hsu to five years of incarceration."[13]

9. The Prosecutor's Office of the Taiwan District Court issued two arrests warrants against Hsu, dates April 6, 1994, and May 3, 1994.[14]

---

[7] *Id.* (undisputed).

[8] *Id.* (undisputed).

[9] *Id.*; Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment ("Defendant's Memorandum in Opposition") at 6, docket no. 20, filed December 5, 2014 (Mr. Hsu attempts to dispute this fact. He states that "he does not dispute that on March 9, 1993 Taiwanese authorities found a gun and ammunition inside an amplifier and speakers. However, Mr. Hsu notes that the evidence cited by Plaintiff says the controlled items were 'placed in' a speaker and amplifier, rather than 'hidden' in them." Citing Detention Ticket and Record of Search, docket no. 19-11, filed November 7, 2014. This is not a genuine dispute. The Detention Ticket and Record of Search document states that the Taiwanese authorities uncovered bullets, a cartridge, a pistol, and a gun barrel from Mr. Hsu's suitcase. These items were all individually wrapped in aluminum foil and either placed in an amplifier or a speaker. These items were clearly hidden. Other than "noting" that the document states that the controlled items were "placed in" a speaker or amplifier, Ms. Hsu does not provide any evidence or argument attempting to show they were not hidden.).

[10] Plaintiff's Motion for Summary Judgment at 6 (undisputed).

[11] *Id.*; Defendant's Memorandum in Opposition at 7 (Mr. Hsu does not dispute that judgment was entered against him on May 24, 1993, but points out that the documents regarding his actual conviction is ambiguous. This dispute is not material.).

[12] Plaintiff's Motion for Summary Judgment at 6 (undisputed).

[13] *Id.* at 7 (undisputed).

10.     The single handgun found in the Taiwan offense was neither assembled nor loaded, and there is no evidence that any person was at risk of any harm from the firearm while in transit.[15]

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[17] In determining whether there is a genuine dispute as to material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[18]

## DISCUSSION

The United States may institute proceedings "for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground that such order and certificate of naturalization were illegally procured or were procured by concealment of a material fact or by willful misrepresentation[.]"[19] The magistrate judge based his R & R for summary judgment on the first ground for revocation, illegal procurement. "[A] naturalized citizen's failure to comply with the statutory prerequisites for naturalization renders his certificate of citizenship revocable as 'illegally procured' under 8 U.S.C. § 1451(a)."[20] One of the statutory prerequisites for naturalization is that "a person must be of 'good moral character' for the five years immediately preceding the date of filing [his] citizenship application, as well as from the date of filing this application until the date she or he is admitted to citizenship."[21] 8 U.S. C. § 1101(f) provides a non-

---

[14] *Id.* (undisputed).

[15] Defendant's Memorandum in Opposition at 11 (undisputed).

[16] Fed. R. Civ. P. 56(a).

[17] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[18] *Id.*

[19] 8 U.S.C. § 1451(a).

[20] *Fedorenko v. United States*, 449 U.S. 490, 514 (1981).

[21] *United States v. Dang*, 488 F.3d 1135, 1139 (9th Cir. 2007).

exhaustive list of the types of unlawful behavior that may "bar an applicant from establishing good moral character" and provides "a 'catch-all' provision which cautions that 'the fact that any person is not within any of the foregoing classes shall not preclude a finding that for such reasons such person is or was not of good moral character.'"[22] Moreover, "[p]ursuant to § 1101(f), the Department of Homeland Security (subsuming the former Immigration and Naturalization Service) promulgated regulation 8 C.F.R. § 316.10."[23] The regulation also has a catch-all provision, 8 C.F.R. § 316.10(b)(3)(iii), which states: "Unless the applicant establishes extenuating circumstances, the applicant shall be found to lack good moral character if, during the statutory period, the applicant: . . . (iii) Committed unlawful acts that adversely reflect upon the applicant's moral character, or was convicted or imprisoned for such acts, although the acts do not fall within the purview of § 316.10(b)(1) or (2)."[24] Generally, courts have held that 'good moral character' is evaluated "on a case-by-case basis," and defendant's conduct is measured up to "the standards of the average citizen in the community."[25]

The magistrate judge based his R & R on the catch-all provision under § 316.10(b)(3)(iii). The magistrate judge found that during the five years immediately preceding the date of filing of citizenship, Mr. Hsu: (1) committed an unlawful act; (2) which adversely reflected upon his moral character; and (3) there were no extenuating circumstances.[26] In his Objection, Mr. Hsu does not take issue with the magistrate judge's findings that he committed an unlawful act[27] or that there were no extenuating circumstances. Mr. Hsu's main issue is whether his unlawful act adversely reflects upon his moral character.

---

[22] *United States v. Jean-Baptiste*, 395 F.3d 1190, 1193 (11th Cir. 2005).

[23] *Dang,* 488 F.3d at 1139.

[24] 8 C.F.R. § 316.10(b)(3)(iii).

[25] *Id.* at § 316.10(a)(2); *see also United States v. Salama*, 891 F. Supp. 2d 1132, 1139–40 (E.D. Cal.), *amended,* 890 F. Supp. 2d 1253 (E.D. Cal. 2012); *United States v. Suarez*, 664 F.3d 655, 660 (7th Cir. 2011); *United States v. Dang*, 488 F.3d 1135, 1139–40 (9th Cir. 2007).

[26] R & R at 5–11.

[27] Objection at 14 ("The magistrate judge's *accurate* conclusion that Mr. Hsu's act was in fact 'unlawful' should not be considered in determining whether the act reflects upon his moral character." (emphasis added)).

In finding that Mr. Hsu's unlawful act adversely reflects upon his moral character, the magistrate judge recognized "that it must engage in a fact-specific analysis" and consider "whether Hsu's conduct goes against the standard of an average citizen of the community."[28] The magistrate judge found that "Hsu's unlawful acts reflect adversely on him because they evince a disregard of public safety and the laws of two sovereigns."[29]

Mr. Hsu objects to both these findings. He contends that "[t]he magistrate judge does not explain how a single act of transporting a single handgun without authorization shows a disregard of public safety, particularly in light of the undisputed fact that '[t]he single handgun found in the Taiwan offense was neither assembled nor loaded, and there is no evidence that any person was at risk of any harm while in transit.'"[30] Mr. Hsu's argument has merit. Other than stating that Mr. Hsu's unlawful act evinces a disregard of public safety, the magistrate judge did not explain how he arrived at this conclusion. The United States argues that the magistrate judge's public safety finding is a legal conclusion instead of a factual determination.[31] The United States points out that "courts have found that laws regulating firearms implicate public safety."[32] In support, the United States cites *Heller v. D.C.*,[33] a case where Appellants challenged the District of Columbia's Firearm Registration Amendment Act. The issues in *Heller* are different from the present case. In *Heller,* the main issue was whether the requirements in the Firearm Registration Act promoted public safety. The court analyzed each requirement to determine whether it promoted public safety. However, *Heller* did not hold, as the United States suggests, that all firearm laws implicate public safety as a matter of law.

---

[28] R & R at 6–7.

[29] *Id.* at 7.

[30] Objection at 7 (undisputed fact ¶ 10).

[31] United States' Response at 8.

[32] *Id.* (citing *Heller v. District of Columbia,* 45 F. Supp. 3d 35, 49-50 (D.D.C. 2014).

[33] 45 F. Supp. 3d 35 (D.D.C. 2014), *aff'd in part, rev'd in part*, 801 F.3d 264 (D.C. Cir. 2015).

5

Mr. Hsu also argues that the magistrate judge erroneously found "that the Taiwanese statute under which he was convicted required 'intent' as an 'element.'"[34] Mr. Hsu then "incorporates by reference his prior arguments and statements made relating to this issue and the relevance of *mens rea*," found in his Opposition to the United States' Motion for Summary Judgment.[35] In his Opposition on this issue, it appears that Mr. Hsu is arguing that there was a lack of intent to *use* the firearm.[36] The magistrate judge, however, found that "Taiwanese law requires that intent [to transport] be proven in order to obtain a conviction, and the conviction record establishes that Hsu acted with intent."[37] The magistrate judge pointed out that the Taiwan High Court's judgment "specifically states that Hsu transported a weapon into Taiwan '[w]ith intent to transport.'"[38]

Based on the Taiwan High Court's judgment and the undisputed fact that Mr. Hsu had hidden the controlled items in his luggage, the magistrate judge found that Mr. Hsu had intended to commit the unlawful act, thereby willfully disregarding the law. The magistrate judge accurately concluded that such an unlawful act adversely reflects on his moral character. If, however, Mr. Hsu is arguing that the Taiwanese statute does not require intent to *transport* for a conviction, this argument fails for the reasons set forth in the magistrate judge's R & R.[39] Even viewing the facts in light most favorable to Mr. Hsu, no reasonable jury could find that his attempt to transport the controlled item was anything but willing and intentional.

Mr. Hsu contends that the magistrate judge, after determining that his act of transporting a handgun without authorization was unlawful, incorrectly decided that Mr. Hsu's act adversely reflected

---

[34] Objection at 8.

[35] Mr. Hsu cites to pages 15-19 of his Memorandum in Opposition.

[36] *Id.* at 18–19 (emphasis added).

[37] R & R at 8.

[38] *Id.*

[39] *Id.* at 7–8.

upon his moral character solely on the basis of it being unlawful.[40] Mr. Hsu argues that "it is not sufficient that Plaintiff demonstrate that Mr. Hsu's acts were 'unlawful.'"[41] "The regulation upon which both the Plaintiff and the Magistrate judge rely make clear that not all 'unlawful acts' will prohibit a finding of good moral character."[42] The unlawful act, according to Mr. Hsu, must "adversely reflect upon the applicant's moral character.'"[43] Mr. Hsu's argument is without merit. The magistrate judge did not simply assume that a finding of an unlawful act automatically reflects adversely upon Mr. Hsu's moral character. The magistrate judge found that Mr. Hsu committed the unlawful acting willfully.[44] And therefore, it was Mr. Hsu's willing disregard of the law that adversely reflects upon his moral character.

IT IS HEREBY ORDERED that the Report and Recommendation[45] is ADOPTED in its entirety and the above-captioned matter is DISMISSED with prejudice. The United States is directed to file a proposed judgment within ten (10) days of the entry of this Order.

Dated August 8, 2016.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[40] Objection at 13.

[41] *Id.*

[42] *Id.* at 13–14.

[43] *Id.* at 14 (quoting 8 C.F.R. § 316.10(b)(3)(iii)).

[44] R & R at 8–9.

[45] Docket no. 38.